UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENNIS WESOLOWSKI, | ) |
| *Plaintiff*, | ) |
| *vs.* | ) No. 1:17-cv-00749-JMS-MPB |
| UNITED STATES, INDIANA UNIVERSITY HEALTH CARE ASSOCIATES, INC., INDIANA SCHOOL OF MEDICINE, | ) |
| *Defendants*. | ) |

**ORDER**

Plaintiff Dennis Wesolowski ("Mr. Wesolowski") alleges that he was severely injured when medical treatment providers at the VA Medical Center in Indianapolis performed an operation to treat Mr. Wesolowski's enlarged prostate. [Filing No. 1.] Presently pending before the Court are Motions to Dismiss filed by Defendants Indiana University Health Care Associates, Inc. ("IU Health"), [Filing No. 17], Indiana University School of Medicine ("IUSM"), [Filing No. 22], and United States ("Department of Veterans Affairs" or "VA"), [Filing No. 31] (collectively, "Defendants"), which seek to dismiss Mr. Wesolowski's two-count Complaint in its entirety. Count I alleges negligence on the part of the Department of Veterans Affairs. [Filing No. 1 at 2-4.] Count II alleges that Defendants breached their duty to Mr. Wesolowski as a third-party beneficiary of Defendants' contracts. [Filing No. 1 at 4-5.] For the following reasons, the Court **GRANTS** IU Health and IUSM's Motions to Dismiss and **GRANTS IN PART** and **DENIES IN PART** the VA's Motion to Dismiss.

# I.
## STANDARDS OF REVIEW

Defendants move to dismiss Mr. Wesolowski's Complaint under Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Civil Procedure 12(b)(1). Under Rule 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Rule 12(b)(1) "allows a party to move to dismiss a claim for lack of subject matter jurisdiction." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). The burden is on the plaintiff to demonstrate that subject matter jurisdiction exists for his or her claims. *See Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

**II.**
**BACKGROUND**

The following facts are drawn from Mr. Wesolowski's Complaint and are accepted as true for the purposes of deciding Defendants' Motions to Dismiss.

**A. Medical Procedure**

On June 20, 2014, Mr. Wesolowski underwent a transurethral resection of the prostate, a procedure performed to treat an enlarged prostate, at the VA Medical Center in Indianapolis, Indiana. [Filing No. 1 at 2.] Mr. Wesolowski was discharged the same day. [Filing No. 1 at 2.] After returning home, Mr. Wesolowski began to suffer from a variety of medical difficulties, including genital bleeding. [Filing No. 1 at 2.] Two days later, Mr. Wesolowski returned to the VA and was catheterized. [Filing No. 1 at 2.] Even after catheterization, Mr. Wesolowski was unable to urinate and experienced severe abdominal pain. [Filing No. 1 at 2.] Mr. Wesolowski continued to seek treatment at the VA over the months that followed his initial prostate procedure. [Filing No. 1 at 2.] Due to the bleeding and other difficulties, Mr. Wesolowski was admitted into the VA's intensive care unit. [Filing No. 1 at 3.] Mr. Wesolowski underwent further tests and procedures at the VA, but ultimately was discharged on August 10, 2014, without significant improvement. [Filing No. 1 at 3.] Mr. Wesolowski alleges that his continued health difficulties arise from substandard medical treatment that he received at the VA. [Filing No. 1.]

**B. VA Arrangement with IU Health and IUSM**

The VA contracts with IU Health and IUSM to place medical providers at the VA Medical Center. [Filing No. 1 at 4; Filing No. 1-1 at 3 (document reflecting contractual relationship

between VA and IU Health); Filing No. 1-1 (signed agreement between IUSM and the VA).][1]
These include responsibilities for providing urological services, such as those received by Mr. Wesolowski, as well as supervising and training IUSM residents assigned to the VA. [Filing No. 1 at 4.] At least one of the doctors who treated Mr. Wesolowski, Dr. Sundaram, was placed at the VA as part of IU Health's contract with the VA. [*See* Filing No. 1-1 at 1-2 (delineation of clinical privileges for Dr. Sundaram); Filing No. 1-1 at 3.]

Mr. Wesolowski also received treatment from residents placed by IUSM at the VA Medical Center pursuant to a "Medical Education Affiliation Agreement" ("Affiliation Agreement") between IUSM and the VA. [Filing No. 1 at 4-5; Filing No. 1-2 (agreement between IUSM and the VA).] Pursuant to the Affiliation Agreement, IUSM accepted "primary responsibility for the integrated education programs conducted with the VA while VA retain[ed] full responsibility for the care of VA patients and administration of its health care system." [Filing No. 1-2 at 1.] The Affiliation Agreement also provided, in relevant part, as follows:

> Nothing in this agreement is intended to be contrary to state or federal laws. In the event of conflict between the terms of this agreement and any applicable state or federal law, that state or federal law will supersede the terms of this agreement. In the event of conflict between state and federal law, federal law will govern.
>
> When providing professional services covered by this agreement, protection of properly appointed faculty members (except those providing services under a contract with VA) and properly appointed trainees of the affiliated institutions from personal liability while at a VA health care facility will be that which is provided under the Federal Employees Liability Reform and Tort Compensation Act 28 U.S.C. [§] 2679 (b)-(d). The liability, if any, of the United States for injury or loss of property, or personal injury or death shall be governed exclusively by the provisions of the Federal Tort Claims Act.

---

[1] The documents are attached to Mr. Wesolowski's Complaint and are considered "a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). They are therefore properly considered by the Court on a motion to dismiss under Rule 12(b)(6). *Geinosky v. City of Chi.*, 765 F.3d 743, 745 n.1 (7th Cir. 2012).

4

[Filing No. 1-2 at 4.]

### C. Procedural Background

On March 10, 2017, Mr. Wesolowski filed his two-count Complaint in this Court, seeking compensation for the injuries he suffered during his treatment at the VA Medical Center. [Filing No. 1.] Count I alleges negligence against the VA for inadequate medical treatment and failure to adequately staff the VA Medical Center. [Filing No. 1 at 2-4.] Mr. Wesolowski timely and properly served his tort claim on the Department of Veterans Affairs. [Filing No. 1 at 3-4.]

Count II alleges that Mr. Wesolowski was an intended beneficiary of the contracts between IU Health and the VA and between IUSM and the VA. [Filing No. 1 at 4-5.] Mr. Wesolowski alleges that, as the intended beneficiary of these contracts, he is entitled to compensation for the failure of each Defendant to adequately perform their duties of providing proper medical treatment and supervision. [Filing No. 1 at 4-5.] IU Health and IUSM state that Mr. Wesolowski did not submit a proposed complaint to a medical review panel prior to filing suit against IU Health and IUSM, [Filing No. 18 at 4; Filing No. 22 at 2], and Mr. Wesolowski does not dispute that he did not do so, [Filing No. 23 (response to IU Health Motion to Dismiss); Filing No. 26 (response to IUSM Motion to Dismiss)].

## III.
### DISCUSSION

Defendants seek dismissal of each Count of Mr. Wesolowski's Complaint on several grounds. First, as to Count I, the VA argues that the Court should either dismiss or stay Mr. Wesolowski's negligence claim for failure to join Dr. Sundaram as a required party under Federal Rules of Civil Procedure 12(b)(7) and 19. [Filing No. 32 at 8-9; Filing No. 37 at 4.] Second, IU Health and IUSM argue that Count II fails for failure to exhaust administrative remedies and for filing outside the applicable statute of limitations. [Filing No. 18 at 4-5; Filing No. 22 at 2.]

Finally, the VA argues that the Court lacks jurisdiction over Count II because the Tucker Act, 28 U.S.C. §§ 1346, 1491, vests exclusive jurisdiction over the claim in the Court of Federal Claims. [Filing No. 32 at 4-6.] The Court addresses each argument in turn.

### A. Count I

Count I alleges negligence against only the VA. The VA argues that the Court should stay or dismiss Count I for failure to join Dr. Sundaram, the supervising surgeon of Mr. Wesolowski's operation.[2] [Filing No. 31 at 1-2; Filing No. 32 at 8-9.] Specifically, the VA argues that in the event it is found liable for any of Mr. Wesolowski's asserted injuries, the jury will be required to apportion a share of the fault to Dr. Sundaram. [Filing No. 32.] The VA states that Mr. Wesolowski's complaint against Dr. Sundaram is presently pending before a medical review panel. [Filing No. 32 at 8-9; Filing No. 18-1 (proposed complaint filed with the Department of Insurance).] The VA asks the Court to either dismiss the claim or stay it until the medical review panel proceedings conclude. [Filing No. 32 at 8.]

In response, Mr. Wesolowski maintains that Dr. Sundaram is not a required party under Rule 12(b)(7) and Rule 19, but states that he would not object to a stay pending the conclusion of the medical review panel proceedings. [Filing No. 36 at 2-3.]

In reply, the VA reiterates its request for dismissal or a stay, noting that Mr. Wesolowski would not object to a stay of his negligence claim. [Filing No. 37 at 4.]

The VA's Motion to Dismiss or Stay is based upon Federal Rule of Civil Procedure 12(b)(7), which provides for dismissal where a party fails to join a required party as defined in

---

[2] The VA also argues that the Court should dismiss Mr. Wesolowski's claim for negligence insofar as Mr. Wesolowski seeks damages from the VA for Dr. Sundaram's actions. But Mr. Wesolowski's Complaint does not evince such a claim, [*see* Filing No. 1], and Mr. Wesolowski, in response to the VA's Motion, confirmed that he is in fact not making such a claim, [Filing No. 36 at 2]. This portion of the VA's Motion is therefore **DENIED AS MOOT**.

6

Rule 19(a)(1). Under Rule 19(a)(1), a nonparty may be a required party where the court could not "accord complete relief among existing parties" without the joinder of the nonparty or, under certain circumstances, where the nonparty "claims an interest relating to the subject of the action." Fed. R. Civ. P. 19(a)(1). If a nonparty is a required party under Rule 19(a)(1) but cannot be joined, the Court then proceeds to the multi-factor test set out in Rule 19(b) to decide whether dismissal is required or if the case may proceed without the nonparty. "The purpose of Rule 19 is to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." *Askew v. Sheriff of Cook Cty., Ill.*, 568 F.3d 632, 634 (7th Cir. 2009) (internal quotation omitted). The defendant bears the burden of demonstrating that the plaintiff has failed to join a required party, *see Decatur Ventures, LLC v. Stapleton Ventures, Inc.*, 2006 WL 3305122, at *5 (S.D. Ind. 2006), and federal courts must carefully scrutinize motions to dismiss under Rule 12(b)(7) because "[d]ismissal . . . is not the preferred outcome under the Rules," *Askew*, 568 F.3d at 634.

    The Court agrees with Mr. Wesolowski that Dr. Sundaram is not a required party under Rule 19. Indiana's comparative fault law permits juries to apportion fault attributable to nonparties, even where the nonparties have not been joined as defendants. *E.g.*, *Witte v. Mundy ex rel. Mundy*, 820 N.W.2d 128, 133 (Ind. 2005) (citing Ind. Code § 34-6-2-88)); *see, e.g.*, *Zigler v. United States*, 954 F.2d 430, 433 (7th Cir. 1992) (applying state-law negligence fault scheme to FTCA case). Given that the VA could assert Dr. Sundaram's negligence as an affirmative defense even if he were not joined, the VA has not established how it would be unduly prejudiced by not having Dr. Sundaram joined as a party to this action. The Court therefore declines to dismiss Count I under Rule 12(b)(7).

However, given that Mr. Wesolowski does not object to a stay pending the conclusion of Dr. Sundaram's medical review panel proceedings, the Court concludes that a temporary administrative closure of this matter may serve the interests of judicial efficiency. The medical review panel may provide valuable insight into Mr. Wesolowski's treatment and, after proceedings have ended, Mr. Wesolowski may wish to invoke this Court's supplemental jurisdiction to resolve his claims against Dr. Sundaram and the VA in a single lawsuit. Accordingly, the Court **GRANTS IN PART** the VA's Motion to Dismiss and/or Stay, [Filing No. 31], to the extent that the Court will request the assigned Magistrate Judge to confer with the parties regarding a possible administrative closure of Mr. Wesolowski's negligence claim pending the conclusion of Dr. Sundaram's proceedings before the Department of Insurance.

### B. Count II Against IU Health & IUSM

IU Health and IUSM (collectively, "IU Defendants") seek to dismiss Mr. Wesolowski's third party beneficiary breach of contract claim for failure to state a claim and for lack of jurisdiction.[3] Specifically, the IU Defendants argue that dismissal is required because Mr. Wesolowski failed to submit his complaint for review by the medical review panel prior to following suit and failed to file suit before the statute of limitations ran on his claim. [Filing No. 18 at 4-5.]

In response, Mr. Wesolowski concedes that he did not submit his complaint to the medical review panel prior to filing suit and that he filed his Complaint in this Court outside of the statute of limitations governing Indiana medical malpractice claims. [Filing No. 23; Filing No. 26 at 2-3.] Mr. Wesolowski maintains, however, that the IU Defendants' arguments hinge upon

---

[3] ISM joined in IU Health's motion to dismiss and initial brief. [Filing No. 22 at 1.] Except as indicated below, the Court analyzes the IU Defendants' arguments together.

8

application of Indiana law, while the Affiliation Agreement between IUSM and the VA requires application of federal law. [Filing No. 23; Filing No. 26 at 2-3.] Mr. Wesolowski asserts that he properly exhausted his administrative remedies and timely filed his Complaint under federal law. [Filing No. 23 at 2-3; Filing No. 26 at 2-3.]

In reply, the IU Defendants reiterate their arguments and argue that federal law does not apply to Mr. Wesolowski's breach of contract claim. [Filing No. 24; Filing No. 27.] IU Health also points out that it is not a party to the Affiliation Agreement between IUSM and the VA and that the contract between IU Health and the VA has no choice of law clause selecting federal law. [Filing No. 24.]

A complaint ordinarily does not need to "anticipate affirmative defenses," such as failure to exhaust administrative remedies and failure to comply with statutes of limitations. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). However, where, as here, the plaintiff pleads facts demonstrating that the complaint was not filed within the applicable statute of limitations, dismissal under Rule 12(b)(6) may be appropriate. *See id.* Additionally, the Court may take judicial notice of public records when considering a motion to dismiss, such as Mr. Wesolowski's proposed complaint filed with the Indiana State Department of Insurance for medical panel review. *See Geinosky v. City of Chi.*, 765 F.3d 743, 745 n.1 (7th Cir. 2012) (noting that the court may take judicial notice of public records); [Filing No. 18-1 (Mr. Wesolowski's complaint submitted for medical panel review)]; Indiana Patient's Compensation Fund, https://www.indianapcf.com/Public/index.aspx (publicly accessible database of claims submitted for medical panel review). In any event, Mr. Wesolowski agrees with the IU Defendants as to all facts relevant to the issue of Indiana's medical panel review requirement and the timing of the statute of limitations. The IU Defendants' Motions to Dismiss thus turn solely on issues of law.

As Mr. Wesolowski recognizes, whether his Complaint survives the IU Defendants' Motions to Dismiss turns on whether Indiana or federal law applies. If Indiana law applies, the untimeliness of Mr. Wesolowski's Complaint and the failure to present it to a medical review panel require dismissal. On the other hand, the IU Defendants make no argument that dismissal would be required if federal law applies. The ordinary rule is that even where the United States is a party to a contract, state law applies except in instances "where a uniform national rule is necessary to further the interests of the Federal Government." *Miree v. DeKalb Cnty.*, 433 U.S. 25, 29 (1977). Where interpretation of parts of a contract determines the rights of private parties, the Court should apply state law to those provisions and should apply federal law only to "questions directly involving the rights and duties of the Federal Government." *Id.* at 31.

Here, Mr. Wesolowski makes no argument that the issue of whether Mr. Wesolowski must follow the state medical review process and statute of limitations directly involves the rights and duties of the federal government—and nor could he. Whether state law provides these requirements only impacts whether Mr. Wesolowski can sue the IU Defendants. It has no impact on his claims against the VA. Thus, state law (here, Indiana law, as Mr. Wesolowski does not suggest that any other state's law should apply) governs Mr. Wesolowski's third-party beneficiary claims against the IU Defendants unless Mr. Wesolowski can point to another basis for application of federal law.

The sole argument Mr. Wesolowski makes for application of federal law is that his lawsuit has raised a conflict of laws and that the Affiliation Agreement requires application of federal law where a conflict between state and federal law exists. As set forth above in Part II.B, the Affiliation Agreement provides:

> Nothing in this agreement is intended to be contrary to state or federal laws. In the event of conflict between the terms of this agreement and any applicable state

or federal law, that state or federal law will supersede the terms of this agreement. In the event of conflict between state and federal law, federal law will govern.

When providing professional services covered by this agreement, protection of properly appointed faculty members (except those providing services under a contract with VA) and properly appointed trainees of the affiliated institutions from personal liability while at a VA health care facility will be that which is provided under the Federal Employees Liability Reform and Tort Compensation Act 28 U.S.C. [§] 2679 (b)-(d). The liability, if any, of the United States for injury or loss of property, or personal injury or death shall be governed exclusively by the provisions of the Federal Tort Claims Act.

[Filing No. 1-2 at 4.]

Mr. Wesolowski has failed to establish that any conflict exists among the Affiliation Agreement, federal law, and state law.[4] For one, Mr. Wesolowski's argument on this point is skeletal. In its entirety, Mr. Wesolowski argues: "It is precisely a conflict between state and federal law which has been raised by [IU Health] through its Motion to Dismiss." [Filing No. 23 at 1-2.] Mr. Wesolowski has waived this argument by failing to provide any meaningful legal analysis. *See, e.g.*, *Estate of Moreland v. Dieter*, 395 F.3d 747, 759 (7th Cir. 2005).

Mr. Wesolowski's argument also fails on its merits, notwithstanding the issue of waiver. The Court analyzes this issue while being mindful that "[b]efore entangling itself in messy issues of conflict of laws a court ought to satisfy itself that there actually is a difference" between the relevant sources of law. *Barron v. Ford Motor Co. of Can. Ltd.*, 965 F.2d 195, 197 (7th Cir. 1992) (citing *Int'l Adm'rs, Inc. v. Life Ins. Co.*, 753 F.2d 1373, 1376 n.4 (7th Cir. 1985)). In this case, the possible sources of law include the Affiliation Agreement, Indiana law, and federal law.

---

[4] Even if Mr. Wesolowski had established that such a conflict exists, the Affiliation Agreement, by its own terms, applies only to ISM and the VA, and not to IU Health. Thus, Indiana law would govern Mr. Wesolowski's claim against IU Health and dismissal of his claim against IU Health would still be required.

By its own terms, the Affiliation Agreement only discusses the liability of "properly appointed faculty members," "properly appointed trainees," and the United States. [Filing No. 1-2 at 4.] Nowhere does it purport to alter the malpractice liability of any other entity, including the IU Defendants. Moreover, the Affiliation Agreement expressly states that "[n]othing in this agreement is intended to be contrary to state or federal laws." [Filing No. 1-2 at 4.] The Affiliation Agreement provides that "state or federal law will supersede the terms of this agreement" where it conflicts with such law. [Filing No. 1-2 at 4.] Only a conflict between state and federal law would trigger the "federal law will govern" provision of the Affiliation Agreement. [Filing No. 1-2 at 4.]

The Indiana Medical Malpractice Act ("Malpractice Act"), Ind. Code §§ 34-18-0.5-1 to -18-2, imposes two procedural requirements that are relevant to this case: First, the Malpractice Act requires a plaintiff to present a proposed malpractice complaint to a medical review panel and receive an opinion from the panel prior to filing suit.[5] *Id.* § 34-18-8-4. Second, a malpractice claim, in contract or tort, is subject to a two-year statute of limitations. *Id.* § 34-18-7-1. As explained above, Mr. Wesolowski concedes that he has not complied with either of these requirements.

Mr. Wesolowski cursorily suggests that these state law provisions may conflict with two federal statutes: the Federal Employees Liability Reform and Tort Compensation Act, 28 U.S.C. § 2679(b)(1), and the Federal Tort Claims Act, *id.* § 2675. Section 2679(b) "immunizes federal

---

[5] While Mr. Wesolowski's third-party beneficiary claim sounds in contract and not tort, Indiana Code section 34-18-2-18 provides that the term "malpractice," as used in the Malpractice Act, "means a tort or breach of contract based on health care or professional services that were provided, or that should have been provided, by a health care provider, to a patient." Ind. Code § 34-18-2-18. Thus, the procedural constraints discussed herein apply to Mr. Wesolowski's contract claims against the IU Defendants.

12

employees acting within the scope of their employment from an action for damages through the device of substituting the United States as the party defendant, so long as the suit is not for a constitutional violation . . . ." *Panther Brands, LLC v. Indy Racing League, LLC*, 827 F.3d 586, 590-91 (7th Cir. 2016) (citing 28 U.S.C. § 2679(b)(2), (d)). Under the terms of the Affiliation Agreement, the "properly appointed faculty members" and "properly appointed trainees" of IUSM are entitled to the protections of § 2679(b)(1). Rather than sue such persons, a plaintiff must sue the United States because "[a]ny other civil action . . . for money damages . . . against the employee . . . is precluded." 28 U.S.C. § 2679(b)(1). Section 2675 provides that a plaintiff cannot sue the United States without first "present[ing] the claim to the appropriate Federal agency" and receiving a denial of the claim. *Id.* § 2675(a).

Section 2679(b)(1) explains that a plaintiff cannot sue federal employees in negligence. Section 2675 establishes an administrative exhaustion requirement that must be fulfilled before suing the United States in tort. Neither provision says anything about how or whether Mr. Wesolowski may sue the IU Defendants or any other person aside from the United States and its employees. Thus, they do not conflict with the Malpractice Act. Accordingly, the Affiliation Agreement's conflict of law provision is not implicated, and federal law does not apply. Rather, Indiana law, including the Malpractice Act and its medical panel review requirement and statute of limitations, applies. As Mr. Wesolowski concedes that he failed to comply with the medical review requirement and the statute of limitations, the Court must **GRANT** the IU Defendants' Motions.

One final point warrants additional discussion. If, as the IU Defendants suggest, the medical review requirement were jurisdictional, the Court would be required to address it before the statute of limitations issue and dismiss Mr. Wesolowski's Complaint without prejudice. To

support the position that the requirement is jurisdictional, the IU Defendants cite to *H.D. v. BHC Meadows Hospital, Inc.*, an Indiana Court of Appeals decision which observed: "Essentially, the Act grants subject matter jurisdiction over medical malpractice actions first to the medical review panel, and then to the trial court." 884 N.E.2d 849, 853 (Ind. Ct. App. 2008). But more recent Indiana Court of Appeals and Indiana Supreme Court opinions have held to the contrary, concluding that "exhaustion of administrative remedies is not a question of subject matter jurisdiction but one of procedural error." *Ellis v. State*, 58 N.E.3d 937, 940 (Ind. Ct. App. 2016) (collecting cases); *see, e.g.*, *First Am. Title Ins. Co. v. Robertson*, 19 N.E. 3d 757, 760 (Ind. 2014) ("[E]xhaustion of administrative remedies under [state administrative procedures act] is a procedural error and does not implicate the trial court's subject matter jurisdiction."), *amended in part on other grounds*, 27 N.E.3d 768 (2015); *Walczak v. Labor Works-Ft. Wayne LLC*, 983 N.E.2d 1146, 1153 (Ind. 2013) (noting that prior opinion discussing administrative exhaustion in terms of subject matter jurisdiction "was not really about jurisdiction at all, but about exhaustion"); *see also Allstate Ins. Co. v. Menard's Inc.*, 285 F.3d 630, 637 (7th Cir. 2002) (noting that federal courts applying state law should deviate from the opinions of intermediate state courts where there are "persuasive indications that the highest court of the state would decide the case differently from the decision of the intermediate appellate court"). Indiana thus subscribes to the Seventh Circuit's position that "failure to exhaust administrative remedies does not deprive a court of jurisdiction."[6] *Charlie F. by Neil F. v. Bd. of Educ. of Skokie Sch. Dist. 68*, 98 F.3d 989, 991 (7th Cir. 1996), *abrogated in part on other grounds by Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743 (2017).

---

[6] Given this result, the Court need not determine whether a state's rule on whether exhaustion is jurisdictional constitutes a procedural or substantive rule under the *Erie* doctrine. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

14

The Court therefore clarifies that dismissal of Count II of Mr. Wesolowski's Complaint is required for failure to state a claim and not for lack of subject matter jurisdiction. While dismissal for failure to exhaust administrative remedies must be without prejudice to allow the possibility for future exhaustion, *see, e.g.*, *Greene v. Meese*, 875 F.2d 639, 643 (7th Cir. 1989), a dismissal for failure to comply with the statute of limitations is a decision on the merits, *cf., e.g.*, *Blinn v. Law Firm of Johnson, Beaman, Brach, Beal and White, LLP*, 948 N.E.2d 814, 820 (Ind. Ct. App. 2011) (noting that dismissal after statute of limitations has run constitutes "dismissal with prejudice" (internal quotations omitted)). Thus, Count II against the IU Defendants must be dismissed with prejudice.

### C. Count II Against the VA

Finally, the VA seeks dismissal of Mr. Wesolowski's third-party beneficiary claim against it, arguing that the Court of Federal Claims has exclusive jurisdiction over Mr. Wesolowski's suit under the Tucker Act, 28 U.S.C. §§ 1346(a)(2), 1491(a)(1). [Filing No. 37 at 4-6.] Specifically, the VA argues that § 1491(a)(1) vests exclusive jurisdiction in the Court of Federal Claims for claims in excess of $10,000 based upon contracts with the United States. [Filing No. 37 at 4-6.]

In response, Mr. Wesolowski argues that the Tucker Act does not apply because his third-party beneficiary claim sounds in tort instead of contract. [Filing No. 36 at 3.] Mr. Wesolowski argues that filing his tort and contract claims against the VA in separate actions would be "judicially inefficient." [Filing No. 36 at 3.]

In reply, the VA reiterates that Count II seeks damages for failure to comply with a contractual obligation and therefore sounds in contract instead of tort. [Filing No. 37 at 2-3.] The VA argues that Mr. Wesolowski cannot get around the Tucker Act's jurisdictional provision by attempting to recast his contract claim as a tort claim. [Filing No. 37 at 2-3.]

A plaintiff is the "absolute master of what [source of] jurisdiction he will appeal to." *Healy v. Sea Gull Specialty Co.*, 237 U.S. 479, 480 (1915). Here, Mr. Wesolowski invokes the Court's jurisdiction pursuant to 28 U.S.C. § 1402, [Filing No. 1 at 1], which in turn references the restrictions on jurisdiction set forth in the Tucker Act, 28 U.S.C. § 1346(a). The Tucker Act provides that both district courts and the Court of Federal Claims have original jurisdiction for civil actions, "not exceeding $10,000 in amount, founded . . . upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1346(a)(2). Where the amount in controversy exceeds the $10,000 threshold, however, jurisdiction lies only with the Court of Federal Claims. *United States v. Bormes*, 568 U.S. 6, 10 n.2 (2012); *see* 28 U.S.C. §§ 1346(a)(2), 1491(a)(1).

Though the Seventh Circuit appears not to have directly addressed the question, courts throughout the country have uniformly held that actions for "an alleged failure to perform contractual obligations undertaking" and for which liability "depends wholly upon the government's alleged promise" fall within the purview of the Tucker Act. *Tannenbaum v. Environdyn Eng'rs, Inc.*, 609 F. Supp. 931, 932 (N.D. Ill. 1985). This is the case regardless of whether the failure to perform contractual obligations has tort underpinnings or whether the action itself would be characterized as a tort under state law. *See, e.g.*, *Union Pac. R.R. Co. v. United States ex rel. U.S. Army Corp of Eng'rs*, 591 F.3d 1311 (10th Cir. 2010) (explaining that state-law tort of negligent performance of a contract was subject to Tucker Act because claim required analysis of government's performance of contractual duties); *Blanchard v. St. Paul Fire & Marine Ins. Co.*, 341 F.3d 351, 358-59 (5th Cir. 1965) (holding that breach of fiduciary duty claim, despite tort characteristics, fell under Tucker Act because claim alleged that defendant failed to perform "responsibilities with respect to the execution of [a] contract").

In this case, Mr. Wesolowski does not dispute that his lawsuit seeks over $10,000 and that his claim would be subject to the exclusive jurisdiction of the Court of Federal Claims if it is based in contract. Thus, the sole point of contention is whether Mr. Wesolowski's claim is based upon tort or contract. Mr. Wesolowski alleges in his Complaint that "the VA failed to fulfill their duties under the [c]ontracts, including the duties to provide effective and comprehensive treatment by properly trained and certified physicians, as well as failure to provide proper and adequate supervision, or otherwise to ensure appropriate professional surgical coverage." [Filing No. 1 at 4-5.] Resolving this claim will require determining the scope of the VA's contractual obligations to the IU Defendants and whether the VA's conduct breached those obligations.[7] Accordingly, Mr. Wesolowski's claim sounds in contract and is therefore subject to the Tucker Act and the exclusive jurisdiction of the Court of Federal Claims. The Court therefore **GRANTS** the VA's Motion to Dismiss Count II.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS** IU Health's Motion to Dismiss, [Filing No. 17], **GRANTS** IUSM's Motion to Dismiss, [Filing No. 22], and **GRANTS IN PART** and **DENIES IN PART** the VA's Motion to Dismiss and/or Stay, [Filing No. 31]. Specifically, the Court

- **DENIES IN PART** the VA's Motion to the extent it asks the Court to dismiss Count I for failure to join Dr. Sundaram,

---

[7] The lone case to which Mr. Wesolowski cites, *Kant v. United States*, 123 Fed. Cl. 614, 616-17 (2015), is not to the contrary. In *Kant*, the Court of Federal Claims determined (in one paragraph) that it lacked jurisdiction over the *pro se* plaintiff's fraud and conversion claims. Neither of those causes of action require consideration of the government's contractual duties to any other person.

- **DISMISSES WITH PREJUDICE** Count II for breach of contractual duty to a third-party beneficiary against IU Health and IUSM, and

- **DISMISSES WITHOUT PREJUDICE** Count II against the VA for lack of subject matter jurisdiction.

Mr. Wesolowski's negligence claim against the VA in Count I of his Complaint is the sole remaining claim in this case. The Magistrate Judge is requested to hold a status conference with the remaining parties to discuss the possibility of administratively closing this case pending the conclusion of Dr. Sundaram's medical review panel proceedings and whether partial final judgment against IU Health and IUSM should issue.

Date: 8/28/2017

*[signature]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**